UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. _____

| | |
|---|---|
| DEL MONTE FRESH PRODUCE N.A., INC.<br>241 Sevilla Avenue<br>Coral Gables, FL 33114<br><br>        Plaintiff,<br><br>v.<br><br>SUNSHINE STATE DIRECT<br>DISTRIBUTORS, INC.<br>c/o Registered Agent Neil Florin<br>20815 NE 16th Avenue; B-32<br>Miami, FL 33179<br><br>and<br><br>STEPHEN CHAIKIN<br>20815 NE 16th Avenue; B-32<br>Miami, FL 33179<br><br>        Individually and in his<br>        corporate capacity<br><br>and<br><br>NEIL FLORIN<br>20815 NE 16th Avenue; B-32<br>Miami, FL 33179<br><br>        Individually and in his<br>        corporate capacity<br><br>and<br><br>MARNEY FLORIN<br>20815 NE 16th Avenue; B-32<br>Miami, FL 33179 | **COMPLAINT** |

|  |  |
|---|---|
| Individually and in her corporate capacity | ) ) ) ) |
| Defendants. | ) |

Plaintiff Del Monte Fresh Produce N.A., Inc. ("Plaintiff" or "Del Monte") brings this civil action against Defendants Sunshine State Direct Distributors, Inc., a Florida corporation ("Sunshine State") and Stephen Chaikin, Neil Florin and Marney Florin ("Individual Defendants") for damages and injunctive relief, and alleges as follows:

## I. JURISDICTION

1. Jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i) ("PACA"). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate related state based claims.

## II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred in this district, and in that all Defendants are domiciled in this district.

## III. PARTIES

3. Plaintiff, a Florida corporation based in Coral Gables, Florida, is engaged in the business of selling wholesale quantities of perishable agricultural commodities, and holds valid PACA license number 19143736 in good and active standing.

4. Defendant Sunshine State is a Florida corporation with its principal place of business in Miami, Florida (Miami-Dade County). Defendant Sunshine State was at all times relevant herein

acting as a dealer and/or commission merchant of wholesale quantities of perishable agricultural commodities in Florida, and as such is subject to PACA. Sunshine State is licensed with the U.S. Department of Agriculture, PACA Branch, being license number 20121184.

5.  Individual Defendants are or were responsible owners, shareholders, partners, officers and/or directors of Defendant Sunshine State during the relevant time period. They are or were persons in control of, and responsible for, the disposition of Defendant Sunshine State's assets, including its PACA trust assets, over which Individual Defendants owe a continuing statutory fiduciary duty to ensure Plaintiff receives payment in full.

## IV. CLAIMS FOR RELIEF

### COUNT I

### SUNSHINE STATE DIRECT DISTRIBUTORS, INC.

**(Failure to Maintain Trust)**

6.  Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

7.  At Defendant Sunshine States request, Plaintiff sold, on credit, to Defendant Sunshine State wholesale quantities of perishable agricultural commodities, as set forth on the following table:

| Plaintiff | Dates of Transactions | Commodities Sold | Total Amount Sold | Amount[1] Unpaid |
|---|---|---|---|---|
| Del Monte | 26-Mar-2013 to 8-May-2013 | Fresh Fruits and Vegetables | $131,357.49 | $131,357.49 |

---

[1] Plus accruing interest and attorneys' fees.

3

8. Plaintiff duly delivered the perishable agricultural commodities to Defendant Sunshine State or its designee.

9. Defendant Sunshine State received and accepted the perishable agricultural commodities from Plaintiff.

10. Pursuant to the contract and payment terms between the parties, Defendant Sunshine State is in default with respect to the principal payment of $131,357.49 outstanding to Plaintiff, plus accrued interest.

11. Pursuant to the trust provisions of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received by Defendants, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment is made for said commodities by Defendants to Plaintiff.

12. Defendant Sunshine State has failed and refused to pay for the commodities they ordered, received and accepted from Plaintiff, despite multiple oral and written due demands. (*See*, Plaintiff's Statement of Account attached hereto as Exhibit A.)

13. On each of the outstanding invoices sent by Plaintiff to Defendant Sunshine State, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorneys fees.

14. Plaintiff is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under the PACA.

4

15. Upon information and belief, Defendant Sunshine State has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery to Defendants of perishable agricultural commodities.

16. The failure of Defendant Sunshine State to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by them from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitutes violations of PACA and PACA Regulations and are unlawful, and, as a direct result Plaintiff has suffered damages.

## COUNT II

### SUNSHINE STATE DIRECT DISTRIBUTORS, INC., AND INDIVIDUAL DEFENDANTS

### (Dissipation of PACA Trust Assets)

17. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

18. Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries as required by PACA were improperly expended for other purposes.

19. On the face of each invoice generated by Plaintiff for produce sales to Defendant Sunshine State and the Individual Defendants, Plaintiff, as a PACA licensee, included the language prescribed by statute [7 U.S.C. §499(e)(c)(4)] as notification of its intent to preserve the benefits of the PACA statutory trust.

5

20. Upon information and belief, Defendant Sunshine State and the Individual Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but were not.

21. As a direct result of the dissipation of trust assets by Defendant Sunshine State and the Individual Defendants, Plaintiff has suffered damages.

## COUNT III

## SUNSHINE STATE DIRECT DISTRIBUTORS, INC.

### (Failure to Pay Trust Funds / Unfair Conduct) [7 U.S.C. §499(b)]

22. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

23. Defendant Sunshine State has failed and refused to pay Plaintiff the principal sum of $131,357.49 from the statutory trust plus accrued interest and fees, which sums are unpaid and overdue to Plaintiff for the perishable agricultural commodities received and accepted from Plaintiff.

24. The failure of Defendant Sunshine State to make said payments to Plaintiff from the statutory trust without reasonable cause constitutes unfair conduct and is a violation of PACA [7 U.S.C. §499(b)] and PACA Regulations, and, as a result, Plaintiff has suffered damages.

## COUNT IV

## SUNSHINE STATE DIRECT DISTRIBUTORS, INC. AND INDIVIDUAL DEFENDANTS

### (Breach of Fiduciary Duty/Non-Dischargeability)

25. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

26. Between March 26, 2013 and May 8, 2013, the Individual Defendants managed, controlled and directed the purchase of perishable agricultural commodities, on credit, from Plaintiff on behalf of Defendant Sunshine State.

27. Upon information and belief, Defendants received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of Plaintiff's outstanding invoices.

28. Upon information and belief, Defendant Sunshine State and the Individual Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. §523(a)(4).

29. As a result of the foregoing, Defendant Sunshine State and the Individual Defendants have violated their fiduciary duty as trustees in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff, and, as a result, Plaintiff has suffered damages.

## COUNT V

## SUNSHINE STATE DIRECT DISTRIBUTORS, INC.

**(Action on Account / Breach of Contract)**

30. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

31. Between March 26, 2013 and May 8, 2013, Defendant Sunshine State contracted with Plaintiff to purchase fresh produce on credit. (*See*, Exhibit A.) Plaintiff performed all terms of the contract.

7

32. Pursuant to the payment terms between the parties, Defendant Sunshine State is in default to Plaintiff on all amounts unpaid and outstanding.

33. Defendant Sunshine State breached the contract by failing and refusing to pay Plaintiff the principal sum of $131,357.49. As a direct result of non-payment, Plaintiff has suffered damages.

## COUNT VI

### SUNSHINE STATE DIRECT DISTRIBUTORS, INC. AND INDIVIDUAL DEFENDANTS

**(Interest and Attorney Fees)**

34. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

35. Pursuant to PACA, 7 U.S.C. §499e(c), and the Code of Federal Regulations promulgated thereunder, Defendant Sunshine State and Individual Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make full payment to Plaintiff of said amount.

36. As a result of the failure of Defendant Sunshine State and Individual Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys fees and costs in order to bring this action to compel payment of the trust *res*.

37. As a result of the failure of Defendant Sunshine State and Individual Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

38. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys fees, and litigation costs, and also suffer the loss of interest on the outstanding amounts owed, all because of violations by Defendant Sunshine State and Individual Defendants of their statutory duties to maintain the trust and make full payment promptly.

39. In addition to the above recitals, Plaintiff also maintains express contractual claims for interest and attorneys' fees as bargained terms of the contract as between merchants of the same kind. Interest and attorneys' fees are sums owing in connection with the sales transaction under 7 U.S.C. §499(e)(c)2.

## COUNT VII

### SUNSHINE STATE DIRECT DISTRIBUTORS, INC. AND INDIVIDUAL DEFENDANTS

**(Creation of Common Fund)**

40. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

41. Plaintiff is commencing this lawsuit on behalf of itself and other similarly situated PACA trust creditors, and any and all monies recovered from Defendants and other third parties will be distributed on a pro-rata basis amongst the Plaintiff and all perfected PACA trust creditors joined to this lawsuit.

**WHEREFORE**, Plaintiff Del Monte Fresh Produce N.A., Inc. respectfully prays that this Court issue an Order:

    a. granting non-dischargeable judgment in favor of Plaintiff and against all Defendants,

   jointly and severally, in the principal amount of $131,357.49, together with pre- and post-judgment interest, attorney fees, and the costs of this action;

b.  declaring and directing Defendants to establish and/or preserve a trust fund consisting of funds sufficient to pay Plaintiff's principal PACA trust claim of $131,357.49, plus prejudgment interest;

c.  enjoining, until the entry of the relief herein requested and compliance therewith, Defendants and their agents, employees and representatives from in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust fund, or any interest therein, in whole or in part, absolutely or as security;

d.  declaring and directing Defendants to assign, transfer, deliver and turn over to Plaintiff as much of the above-described trust fund as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer;

e.  granting Plaintiff reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

              Respectfully submitted,

              /s/ Gene D. Lipscher
              GENE D. LIPSCHER
               Florida Bar I.D. No. 904228
              1025 West Indiantown Road, Suite 106
              Jupiter, Florida  33458
              (561) 747-4848 - telephone
              (561) 747-4410 - facsimile
              lipscher@gmail.com

              Attorneys for Plaintiff Del Monte Fresh Produce N.A., Inc.